# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                          Case No. 06-Cr-0094

DOUGLAS J. WILSON,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT

## NATURE OF CASE

On April 25, 2006, a federal grand jury sitting in this district returned a seven-count indictment against the defendant. The defendant is charged with seven counts of knowingly devising and executing a scheme to obtain money under the custody and control of the Milwaukee Western Bank by means of material false and fraudulent pretenses and representations, in violation of 18 U.S.C. §§ 1344 and 2.

On May 12, 2006, the defendant appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to dismiss the indictment on the grounds of multiplicity. (Docket #8). This motion will be addressed herein.

## MOTION TO DISMISS RE: MULTIPLICITY

Defendant Wilson moves this court for an order dismissing the indictment filed against him on the grounds that the charges contained therein are multiplicitous. (Docket # 8).

Specifically, the defendant asserts that the seven counts alleged in the indictment are not separate executions of the scheme, but individual acts in furtherance of the scheme described in paragraph three of the indictment. The defendant maintains that the court should find that each of the seven counts is actually "a simple non-indictable act in further of a scheme, rather than a separate chargeable 'execution,'" citing United States v. Longfellow, 43 F.3d 318, 323 (7th Cir. 1994). (Defendant's Memorandum in Support of Motion to Dismiss at 2). The defendant acknowledges that case law does not provide much guidance in resolving the issue before the court.

Multiplicity is the charging of a single offense in separate counts of an indictment. United States v. Allender, 62 F.3d 909, 912 (7th Cir. 1995); United States v. Song, 934 F.2d 105, 108 (7th Cir. 1991) (An indictment is multiplicitous when it charges the same defendant with the same offense in several different counts.). In such instances, a defendant is exposed to the threat of receiving multiple punishment for the same offense. Allender, 62 F.3d at 912.

The test for multiplicity is whether each count requires proof of a fact which the other does not. United States v. Conley, 291 F.3d 464, 470 (7th Cir. 2002); United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986). "If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." Conley, 291 F.3d at 470. To determine whether a particular indictment contains multiplicitous counts, the essential question is the appropriate unit of prosecution under the statute in question -- the minimum amount of activity for which criminal liability attaches. Allender, 62 F.3d at 912 (citing United States v. Song, 934 F.2d 105, 108 [7th Cir. 1991]).

In determining the appropriate unit of prosecution, the court must first look to the language of the statute itself. Song, 934 F.2d at 108 (citing United States v. Podell, 869 F.2d

328, 330 [7th Cir. 1989]). If the statute unambiguously reflects legislative intent, the inquiry ends. Podell, 869 F.2d at 331. If the statutory language is ambiguous, the next step is to examine the statute's legislative history. Song, 934 F.2d at 108 (citing United States v. Kimberlin, 781 F.2d 1247, 1253 (7th Cir. 1985). If the legislative history does not resolve the question, then the court "must apply the rule of lenity, a rule of statutory construction which dictates that in cases of ambiguity or doubt as to congressional intent, only one offense may be charged." Song, 934 F.2d at 108 (citing Bell v United States, 349 U.S. 81, 83 (1955).

Congress has modeled the bank fraud statute, 18 U.S.C. § 1344, on the mail and wire fraud statutes and intended that it be broadly construed. United States v. Hammen, 977 F.2d 379, 383 (7th Cir. 1992). "It is fairly well established that the bank fraud statute 'punishes each execution of a fraudulent scheme rather than each act in furtherance of such a scheme'." Longfellow, 43 F.3d at 323; United States v. Molinaro, 11 F.3d 853, 859 (9th Cir. 1993). However, a single scheme can be executed a number of times. Longfellow, 43 F.3d at 323. "Thus, for each count of conviction, there must be an execution." Hammen, 977 F.2d at 383. Furthermore, "§ 1344 was intended to be 'construed broadly,' and 'actions that tend to prove the existence of the scheme will often be the actions actually taken to execute the scheme.'" Longfellow, 43 F.3d at 323 (quoting Hammen, 977 F.2d at 383).

Determining what constitutes an "execution" of a scheme can be difficult and generally depends on the particular facts of each case. Allender, 62 F.3d at 912; Longfellow, 43 F.3d at 323; Molinaro, 11 F.3d at 860. Both Allender and Longfellow relied on the statement of the court in Molinaro which provided guidance on the issue of what constitutes an execution of a scheme. "A number of actions were separate executions because they were "chronologically and substantively independent[,] [n]one depended on the others for its

- 3 -

existence, [and] [e]ach had its own functions and purpose -- they were interrelated only because they involved the same overall scheme." Longfellow, 43 F.3d at 323 (quoting Molinaro, 11 F.3d at 860).

In this case, the defendant is charged with knowingly devising and executing a scheme to obtain money from the Milwaukee Western Bank by means of material false and fraudulent pretenses and representations for the time period from 2001 and continuing until approximately February 2002. The indictment alleges that, as part of an Asset Plan Agreement between VivaColor and Milwaukee Western Bank, the bank purchased accounts receivable from VivaColor by advancing 90% of the billing invoice for fully-completed, invoiced projects. In return, VivaColor, by the defendant, its president, agreed to remit the full invoice payment for the completed, invoiced projects to the bank upon receipt.

Counts One through Three allege that the defendant caused VivaColor to submit fraudulent invoices to Milwaukee Western Bank on three separate dates in October 2001, totaling varied amounts. The invoices allegedly represented that K-N company had been billed for completed projects in the invoiced amount when it had not. Counts Four through Seven allege similar conduct on separate dates in December 2001 and January 2002 involving alleged invoices pertaining to three different companies.

A review of the indictment reveals that each of the challenged counts alleges a separate submission of invoices representing that the named company had been billed for completed projects and each created a separate risk for the financial institution. Each of these submissions alleged to have occurred on separate, specific dates and, therefore, they did not occur contemporaneously. Moreover, each execution of the scheme was substantially independent and did not depend on another for its existence. Each invoice submission had
- 4 -

its own function and purpose which created a separate financial risk for the bank. Each invoice submitted put the bank at risk for the funds advanced. The executions were interrelated solely because they involved the same overall scheme. See Longfellow, 43 F.3d at 323; Molinaro, 11 F.3d at 860. Thus, applying the Longfellow guidelines, this court concludes that the seven counts in the indictment are not multiplicitous.

The cases cited by the defendant are distinguishable. In United States v. Lemons, 941 F.2d 309 (5th Cir. 1991), the defendant arranged for his savings and loan institution to make a large loan to a buyer of a real estate project. Part of the loan went to pay an assignment fee to another participant and the defendant was to receive part of this assignment from this participant for himself. To try to prevent discovery of his assignment, the defendant arranged to get it in a series of transactions spanning six months.

The Court of Appeals for the Fifth Circuit distinguished the mail and wire fraud statute from the bank fraud statute, stating that the mail and wire fraud statutes "punished each act in furtherance, or execution, of the scheme" while the bank fraud statute "imposes punishment only for each execution of the scheme." Id. at 318. The court concluded that the goal of the scheme was to receive the assignment fee and even though it was to be divided up and distributed in separate transactions, they were all part of "one performance, one completion, one execution of [a] scheme." Id. at 318.

In United States v. Heath, 970 F.2d 1397 (5th Cir. 1992), also cited by the defendant, the defendants were attempting to sell a parcel of land in Florida which was rapidly decreasing in value. The defendants falsely represented the value of the land and thereby were able to convince a bank to lend ten million dollars to a buyer. However, as part of the deal the defendants had to arrange for the bank to fund the purchase of some of the buyer's property

- 5 -

in Arizona to pay the interest on the loan for the Florida property. The loans were made relatively contemporaneously. The scheme involved the intent to defraud only one bank. Although there were two separate loans, the court held that the two loans were "integrally related" because they were planned together, the Arizona loan was a prerequisite to the ultimate goal of selling the Florida property, and "one would not have succeeded without the other." Id. at 1402. The court did not rely on the fact that the scheme involved only one bank. Id.

The court of appeals for this circuit has clearly stated that a separate "execution" of a scheme "must be chronologically and substantively independent and not dependent on another for its existence." Allender, 62 F.3d at 912; Longfellow, 43 F.3d at 323. Applying the relevant factors, the court concludes that the counts in the indictment are not multiplicitous. Accordingly, this court will recommend that the defendant's motion to dismiss the indictment on the grounds of multiplicity be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Wilson's motion to dismiss the indictment based on multiplicity. (Docket #8).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.

- 6 -

Case 2:06-cr-00094-CNC   Filed 07/11/06   Page 6 of 7   Document 15

Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 11th day of July, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge