UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 06-CR-94

DOUGLAS J. WILSON,

        Defendant.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

On June 1, 2006, the defendant filed a motion to dismiss his indictment on the ground of multiplicity. Magistrate Judge Patricia Gorence considered the motion and on June 11, 2006, recommended that it be denied. Afterwards, the defendant filed a timely objection to the recommendation. However, for the reasons stated below, the recommendation will be adopted and the motion will be denied.

In accordance with 28 U.S.C. § 636(b)(1)(c), this court reviews de novo those portions of the Magistrate Judge's recommendations to which objections have been filed. However, the court is not required to hold further hearings to review the Magistrate Judge's findings or credibility determinations. "Rather, the district court has discretion to 'accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate.' 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). . . . [And], if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir.1995) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

In this case, although the defendant filed a timely objection to the Magistrate Judge's recommendation, he did not cite to which "portions of the report or specified . . . recommendations" he objects. 28 U.S.C. §636 (b)(1). Therefore, the court reviews the Magistrate Judge's recommendation for clear error.

The defendant was charged with seven counts of "knowingly devising and executing a scheme to obtain money under the custody and control of the Milwaukee Western Bank by means of material false and fraudulent pretenses and representations, in violation of 18 U.S.C. §§1344. . . ." (Recommendation 1.) The indictment alleges that the defendant had a contract with the bank, under the terms of which "the bank purchased accounts receivable from VivaColor by advancing 90% of the billing invoice for fully-completed, invoiced projects. In return, VivaColor, by the defendant, its president, agreed to remit the full invoice payment for the completed, invoiced projects to the bank upon receipt." (*Id.* at 4.) Further, the indictment states that defendant submitted to the bank fraudulent invoices on seven different dates.

The defendant argues that "the alleged 'scheme' is a sequence of events where Mr. Wilson directs Vivacolor to submit at least 108 account receivable invoices to Milwaukee Western Bank. . . . The seven separate counts alleged in the indictment represent acts of misrepresentation that are but a portion of the 108 accounts receivable invoices and a portion of the 1.1 million dollars alleged to have been fraudulently obtained." (Objections to the Recommendation 4.)

In analyzing the legal principles underlying the case, the Magistrate Judge stated that the bank fraud statute – 18 U.S.C. §1344 – was based on the mail and wire fraud statutes. (Recommendation 3.) Under *U.S. v. Longfellow*, "the bank statute

2

punishes each execution of a fraudulent scheme rather than each act in furtherance of such a scheme." 43 F.3d 318, 323 (7th Cir. 1994) (internal quotations omitted). The court finds that the Magistrate Judge's analysis cogent and articulate. The recommendation states that

> [E]ach of the challenged counts alleges a separate submission of invoices representing that the named company had been billed for completed projects and each created a separate risk for the financial institution. Each of these submissions alleged to have occurred on separate, specific dates and, therefore, they did not occur contemporaneously. Moreover, each execution of the scheme was substantially independent and did not depend on another for its existence. Each invoice submission had its own function and purpose which created a separate financial risk for the bank. Each invoice submitted put the bank at risk for the funds advanced. The executions were interrelated solely because they involved the same overall scheme. *See Longfellow*, 43 F.3d at 323; *Molinaro*, 11 F.3d at 860. Thus, applying the Longfellow guidelines, this court concludes that the seven counts in the indictment are not multiplicitous.

(*Id.* at 4-5.)

In light of the Magistrate Judge's thorough and well-documented findings, the court finds that there is no clear error in her recommendation. Furthermore, if the review were conducted de novo, this court would have arrived at the same conclusion.

Therefore,

IT IS ORDERED that the Magistrate Judge's recommendation is ADOPTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss the indictment is DENIED.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge